**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50207 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00192-GHK-1 |
| v. | |
| ALEJANDRO GARCIA-JACOBO, AKA Carlos Aguilar Garcia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Submitted March 5, 2015[**]
Pasadena, California

Before: PREGERSON, PARKER[***], and NGUYEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Alejandro Garcia-Jacobo appeals the district court's 24-month sentence imposed for a violation of the terms of his supervised release. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for plain error, *Henderson v. United States*, 133 S. Ct. 1121, 1124-25 (2013), we affirm.

Garcia-Jacobo argues that the sentence imposed as a result of his violation of supervised release must be vacated in light of *United States v. Aguilera-Rios*, 769 F.3d 626 (9th Cir. 2014), which was decided after he was sentenced, on the ground that his substantial rights were violated. Even assuming, without deciding, that Garcia-Jacobo can challenge a procedural error that occurred at a *prior* sentencing hearing, his claim nevertheless fails because he has not shown a reasonable probability that the district court would have imposed a lower sentence. First, there is no dispute that the district court imposed a sentence that was within the correct sentencing guidelines range for a violation of the terms of supervised release. Second, while the district court did state that it "considered the underlying range for the underlying conviction," the court made it clear that it considered "the underlying conduct" of Garcia-Jacobo's prior offenses rather than their classification. Finally, the record demonstrates that the district court believed a sentence of 24 months, with no supervision to follow, was appropriate to deter

further violations and address Garcia-Jacobo's breach of "the trust reposed in him by the supervision by coming back . . . five days later."

**AFFIRMED.**